OPINION
{¶ 1} On October 19, 2000, in Franklin County Common Pleas case No. 00CR-10-6188, defendant-appellant, David A. Eble, was indicted by the Franklin County Grand Jury on two counts of robbery, in violation of R.C. 2911.02. On November 29, 2000, in Franklin County Common Pleas case No. 00CR-11-6803, appellant was indicted by the Franklin County Grand Jury on two counts of robbery, in violation of R.C. 2911.02. At the time the second indictment was issued, appellant was in custody, as he had been arrested on the first indictment. Both cases were consolidated for trial.
 {¶ 2} On July 30, 2001, pursuant to a plea agreement, appellant entered a guilty plea to count two in each case and a nolle prosequi was entered to the first count in each case. Appellant signed a guilty plea entry, which outlined the plea bargain. The guilty plea entry specifically stated there was "no joint [sentencing] recommendation"; however the State recommended a sentence of "no more and no less than five years for both cases * * *."
 {¶ 3} Appellant was sentenced on both cases on September 28, 2001. In case No. 00CR-10-6188, the trial court imposed a four-year prison sentence. The court credited appellant with 354 days of jail time credit. Appellant was sentenced to an additional four years of imprisonment in case No. 00CR-11-6803. The court credited appellant with zero days of jail time credit for this case, and ordered both sentences to be served concurrent with each other. Appellant did not file a direct appeal in either case.
 {¶ 4} On December 13, 2001, appellant filed a motion for jail time credit in case No. 00CR-11-6803. On March 6, 2002 appellant filed an additional motion for jail time credit in case No. 00CR-11-6803. On March 14, 2002, the court entered an order striking "the document which appears to request jail time credit" for "failure to comply with local and civil rules."[1]
(March 14, 2002 Decision.) On April 8, 2002, appellant filed a third motion for jail time credit in case No. 00CR-11-6803. On April 17, 2002, the trial court entered an order striking appellant's April 8, 2002 motion for jail time credit again for failing to "comply with local and civil rules." (April 17, 2002 Decision.) On April 8, 2003, appellant filed a motion to reconsider in case No. 00CR-11-6803, again asking for jail time credit. This motion was denied by the trial court on July 8, 2003. Appellant did not appeal the trial court's July 8, 2003 decision. On February 13, 2003 appellant filed a motion for judicial release in both cases, each of which were denied by the trial court on April 14, 2004. Appellant did not appeal these denials.
 {¶ 5} On February 20, 2004, appellant filed a "Motion for Jail Time Credit Nunc Pro Tunc" in case No. 00CR-11-6803, which was denied by the court on March 3, 2004. Relying on State v.Fincher, Franklin App. No. 97AP-1084, 1998 Ohio App. LEXIS 1383, the trial court found that it was not required to recognize multiple pretrial detention credit in cases where a defendant was held and later sentenced on multiple offenses.
 {¶ 6} Appellant timely appealed the March 3, 2004 decision in case No. 00CR-11-6803, and included case No. 00CR-10-6188 in his notice of appeal. Both cases were consolidated by this court. Appellant presents two assignments of error for our review, as follows:
First Assignment of Error
The trial court erred to the prejudice of appellant by failing to calculate and journalize jail time credit on both of two journal entries that specified concurrent sentences when appellant was confined in jail pre-sentence on both cases simultaneously and appellant's sentence was not reduced by the time spent in pre-sentence confinement.
Second Assignment of Error
The trial court denied appellant's equal protection right to have his sentence reduced by the no. of days he was confined in jail pre-sentence merely because appellant was confined simultaneously for multiple charges, the sentences were run concurrent and the trial court refused to grant the credit on each concurrent sentence; in the alternative, O.A.C. 5120-2-(F) is unconstitutional as the application of the rule discriminates against defendants with concurrent sentences.
 {¶ 7} Before we address appellant's assignments of error, in case No. 00CR-10-6188, the trial court credited appellant's sentence with the 354 days jail time credit he is presently seeking in this appeal. (September 28, 2001 Entry.) Accordingly, appellant's first and second assignments of error as they relate to case No. 00CR-10-6188 are overruled as moot.
 {¶ 8} Appellant's first and second assignments of error as they relate to the remaining case are interrelated and will be addressed together. On appeal, appellant challenges the trial court's denial of the 354 days jail time credit towards case No. 00CR-11-6803. Appellant alleges that he was confined for 354 days pre-sentence on both Case Nos. 00CR-10-6188 and 00CR-11-6803. (Appellant's Brief at 1.) He argues that because the court imposed a concurrent sentence, under R.C. 2967.191, the court erred by not applying the 354 days jail time credit to both cases. Appellant argues that under Ohio Adm. Code5120-2-04(F),[2] he would receive no jail credit for his pre-sentence detention and asserts that denial of the 354 days jail time credit constitutes an equal protection violation of his rights under R.C. 2967.191. In the alternative, appellant also argues under his second assignment of error that Ohio Adm. Code5120-2-04(F) is unconstitutional as applied, stating it discriminates against defendants who receive concurrent prison sentences.
 {¶ 9} The State argues contra that the trial court did not err in denying appellant's motion for jail time credit.[3]
Relying on our holding in Fincher, the State argues, in part, that a trial court is not required to recognize duplicate pretrial detention credit when a defendant is held and later sentenced on multiple offenses. We agree.
 {¶ 10} In Fincher, the defendant argued that the trial court erred in denying his motion for jail time credit. We found that "the proper procedural vehicle to challenge a trial court's action with respect to the calculation of jail time credit is either by way of direct appeal or by way of motion for correction by the trial court, if the defendant alleges merely a mistake in the calculation rather than an erroneous legal determination." Id. at *3, citing State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 573, 589 N.E.2d 113. We noted that we could have dismissed the defendant's appeal under the doctrine of res judicata, since he did not raise the issue of jail time credit in his direct appeal, or allege that the trial court made a mistake in calculating his jail credit. Nonetheless, in the interests of justice, we addressed the defendant's substantive argument. Id. Relying upon our holding in State v. Callender (Feb. 4, 1992), Franklin App. No. 91AP-713, we found that a trial court is not obligated to acknowledge multiple pretrial detention credit:
Applying standard rules of statutory construction, it is our interpretation of Crim.R. 32.2(D), when read in conjunction with R.C. 2967.191, that a trial court is not required to recognize duplicate or multiple pretrial detention credit. We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the No. of convictions entered against him. To do so would, in effect, discriminate in favor of the defendant charged with more than one offense over the defendant charged with only one offense.
Fincher, supra, at *6, quoting Callender, supra, at 1992 Ohio App. LEXIS 485, at *6.
 {¶ 11} Here, appellant did not file a direct appeal of any of the court's prior rulings which addressed the issue of jail time credit, nor does his motion allege a mere mistake in calculation. Indeed, appellant argues that the trial court made an erroneous legal determination in not crediting him with the 354 days of jail time credit on each offense for which he was convicted. In addressing appellant's substantive argument, under Fincher, we find that the trial court did not err by refusing to credit appellant with "duplicate" pretrial detention credit for any of the time he was held simultaneously on the two unrelated offenses.[4]
 {¶ 12} Additionally, appellant argues that the denial of the 354 days jail time credit constitutes an equal protection violation of his rights under R.C. 2967.191, which provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total No. of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 {¶ 13} Alternatively, appellant argues under his second assignment of error that under the current calculation of his jail credit, Ohio Adm. Code 5120-2-04(F) is unconstitutional, as application of the statute discriminates against defendants who have received concurrent prison sentences. Ohio Adm. Code5120-2-04(F) provides:
If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall independently reduce each sentence or stated prison term for the No. of days confined for that offense. Release of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit.
 {¶ 14} Our analysis is guided by the notion that statutes enacted in Ohio are presumed to be constitutional. State v.Williams (2000), 88 Ohio St.3d 513, 2000-Ohio-428,728 N.E.2d 342. This presumption of constitutionality remains unless it is proved beyond a reasonable doubt that the legislation is clearly unconstitutional. See Roosevelt Properties Co. v. Kinney
(1984), 12 Ohio St.3d 7, 13, 12 OBR 6, 465 N.E.2d 421. Therefore, we begin with the presumption that R.C. 2967.191 and Ohio Adm. Code 5120-2-04(F) are constitutional.
 {¶ 15} The Fourteenth Amendment to the United States Constitution provides that "no State shall * * * deny to any person within its jurisdiction the equal protection of the laws." The equal protection clause prevents states from treating people differently under its laws on an arbitrary basis. Harper v.Virginia State Bd. of Elections (1966), 383 U.S. 663, 681,86 S.Ct. 1079, 16 L.Ed. 2d 169.
 {¶ 16} While the rational basis standard is applied to equal protection challenges to statutory classifications that do not involve a fundamental right or suspect class, this standard does not apply to equal protection challenges based on disparate treatment. Stratford Chase Apartments v. City of Columbus
(2000), 137 Ohio App.3d 29, 32, 738 N.E.2d 20. When a party, as appellant does in this case, argues that a law that is impartial on its face is applied in a manner that improperly discriminates between similarly situated persons, "there is no denial of equal protection unless an element of intentional or purposeful discrimination is shown." Id. (Citations omitted.)
 {¶ 17} Here, appellant has not alleged any intentional or purposeful discrimination in the application of R.C. 2967.191 or Ohio Adm. Code 5120-2-04(F), nor is there any evidence in the record. Because there is no evidence as to the vital element of intentional or purposeful discrimination, appellant's equal protection challenge to R.C. 2967.191 and Ohio Adm. Code5120-2-04(F) is without merit. We reiterate our statement inCallender that to award the defendant multiple pretrial detention credit when he is held and sentenced on more than one offense would discriminate in his favor, over the defendant charged with only one offense.[5]
 {¶ 18} Accordingly, appellant's first and second assignments of error are overruled as they relate to case No. 00CR-11-6803, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and French, J., concur.
[1] The trial court's March 14, 2002 Decision did not delineate whether it addressed either or both of appellant's December 13, 2001 or March 6, 2002 motions for jail time credit.
[2] Ohio Adm. Code 5120-2-04(F) provides: "If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shallindependently reduce each sentence or stated prison term for the No. of days confined for that offense. * * *" (Emphasis added.) The provision further states that, when two sentences are being served concurrently, the defendant's release date is based on the longer definite sentence, after reduction for jail time credit.
[3] The State also argues that because appellant has not included a transcript of the proceedings, the record is insufficient to determine whether there was an error in the court's calculation of jail time credit. However, on June 7, 2004, appellant was granted leave to supplement the record with the transcript of the sentencing hearing.
[4] Appellant's allegation that he is entitled to 354 days of pretrial detention credit for case No. 00CR-11-6803 is further flawed, as he was already in custody for case No. 00CR-10-6188 at the time the second indictment was issued. Further, appellant was sentenced on both cases simultaneously. Therefore, appellant was not incarcerated in case No. 00CR-11-6803 for 354 days. As such, we note that appellant's calculation of jail time credit applicable to case No. 00CR-11-6803 is in error.
[5] See, also, State v. Whitaker, Ross App. No. 02CA2691, 2003-Ohio-3231, at ¶ 8 (rejecting the defendant's argument that he should receive multiple jail time credit when he is held and sentenced on more than one offense under R.C. 2967.191, since to do so would violate the equal protection clause).