OPINION
{¶ 1} Defendant-appellant, James R. Parsons, was indicted by the Franklin County Grand Jury on two counts of robbery, in violation of R.C. 2911.02. The first count constituted a second degree felony and the second count constituted a third degree felony. Appellant pled guilty to count one of the indictment and a nolle prosequi was entered relative to count two. The trial court found appellant guilty and a sentencing hearing was held on May 3, 2001. By judgment entry dated May 4, 2001, appellant was sentenced to serve three years of incarceration, and the sentence was ordered to run concurrent with the sentence already imposed in case No. 99CR-5399. The trial court found that appellant had 109 days of jail-time credit to be applied to his sentence.
 {¶ 2} On January 10, 2002, appellant was granted judicial release, and the trial court imposed a two and one-half year period of community control sanctions. In addition, the trial court ordered that appellant enter an intensive supervision program, perform 30 hours of community service, obtain and maintain employment, submit to drug and alcohol testing and treatment, including random urine screens, and have no new violations of the law. The trial court further notified appellant that, if he violated the community control sanctions, he could receive a prison term of up to three years.
 {¶ 3} By judgment entry dated October 18, 2002, the trial court revoked appellant's probation and ordered him to serve a term of three years. The trial court made the determination that appellant had 350 days of jail-time credit up to and including the sentencing date and that appellant should be credited for jail time served while awaiting transportation to the corrections facility.
 {¶ 4} Appellant did not file an appeal from his conviction, nor did he file an appeal after probation was revoked, and he was ordered to serve his sentence.
 {¶ 5} Approximately one year later, on October 3, 2003, appellant filed a motion with the trial court seeking additional jail-time credit for ten and one-half months, arguing that such time constituted the time of the community control sanctions. By entry dated October 27, 2003, the trial court denied appellant's motion after finding that it had properly credited appellant with the proper number of days of jail-time credit in the entry filed October 18, 2002.
 {¶ 6} It is from this entry denying his motion for additional jail-time credit that appellant has appealed, asserting the following two assignments of error:
First assignment of error
The trial court deprived Appellant, James Parsons, of his constitutional right's [sic], imposed sentence contrary to law, and abused it's [sic] discretion in denying Appellant jail-time credit for days of confinement for reasons arising out of the offense for which he was convicted.
Second assignment of error
The trial court erred in denying Appellant, James Parsons, credit for time confined in a Halfway House that constitutes "confinement" for purposes of jail-time credit as mandated by Ohio Revised Code § 2967.191.
 {¶ 7} The Supreme Court of Ohio has held that a criminal defendant may appeal a sentencing order which contained an incorrect calculation of jail-time credit. State ex rel. Sampson v. Parrott (1998),82 Ohio St.3d 92; State ex rel. Jones v. O'Connor (1999),84 Ohio St.3d 426. Appellant's right to appeal the calculation of jail-time credit arose on October 18, 2002, when the trial court revoked his probation, ordered that he serve three years' incarceration, and made the determination that he had 350 days of jail-time credit up to and including the sentencing date. This order was final and appealable pursuant to R.C. 2505.02(B)(1), in that it was an order that affected a substantial right, determined the action, and prevented any further judgment. Appellant did not file a direct appeal of this judgment entry. If there was an error in the court's sentencing entry, then the judgment should have been appealed at that time. Jones, supra. See, also, this court's decision in State v. Eble, Franklin App. No. 04AP-334,2004-Ohio-6721.
 {¶ 8} Appellant did not file a direct appeal. Instead, approximately one year later, he challenged the trial court's judgment entry determining that he had 350 days of jailtime credit. This court has held that errors in calculating jail-time credit may be raised by means of a "motion for correction," so long as the appellant is claiming that the trial court erred in the calculation of the credit and not an erroneous legal determination. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567. In part, appellant argues that the trial court was required by law to credit him with all jail time served while released on community control sanctions and that the trial court's refusal to do so violates the mandate of State v. Napier (2001), 93 Ohio St.3d 646. This is a legal argument which should have been raised on direct appeal, and it would be improper to allow appellant to raise it now.
 {¶ 9} Nonetheless, even if this court were to address that portion of appellant's argument wherein he alleges that the trial court miscalculated his jail-time credit, appellant has failed to meet his burden of demonstrating error through the record and has failed to explain how he determined that he is entitled to the number of days of jail-time credit which he seeks. We are unable to determine whether the trial court erred and appellant has failed to satisfy his burden. See State v. Thorpe (June 30, 2000), Franklin App. No. 99AP-1180.
 {¶ 10} Based upon the foregoing, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas denying appellant's motion for jail-time credit is affirmed.
Judgment affirmed.
LAZARUS and SADLER, JJ., concur.