OPINION
{¶ 1} Defendant-appellant, Samuel Lomack, Jr., appeals from the judgment of the Franklin County Court of Common Pleas denying his motion for correction of jail-time credit. For the following reasons, we affirm.
 {¶ 2} On March 18, 1998, a jury found Lomack guilty of two counts of robbery in violation of R.C. 2911.02. In the trial court's May 13, 1998 judgment entry, the trial court merged the two counts and sentenced Lomack to a total of seven years imprisonment. Additionally, the trial court found that Lomack was entitled to 115 days of jail-time credit.
 {¶ 3} Lomack appealed the trial court's May 13, 1998 judgment to this court, arguing that the trial court erred in not suppressing certain evidence collected from Lomack's house and the victim's identification of Lomack as his assailant. On March 11, 1999, this court issued an opinion in which we held that the trial court properly admitted the disputed evidence and the victim's identification, and thus, we affirmed the trial court's May 13, 1998 judgment. State v. Lomak [sic] (Mar. 11, 1999), Franklin App. No. 98AP-708.
 {¶ 4} Lomack then filed an application for reopening his appeal on the basis that his trial counsel was ineffective for failing to raise claims of constitutional violations and bias. Because his claims had no merit, we denied Lomack's application.State v. Lomack (July 15, 1999), Franklin App. No. 98AP-708.
 {¶ 5} On May 5, 2004, Lomack filed before the trial court a "Motion for Correction of Jail Time Credit." In this motion, Lomack argued that he was entitled to 274 days of jail-time credit, not the 115 days the trial court awarded him in its May 13, 1998 judgment entry. Lomack's assertion that he was entitled to 274 days of jail-time credit was based upon his belief that, pursuant to R.C. 2945.71(E),[1] he was entitled to three days of jail-time credit for every one day he served in jail prior to his conviction and sentence.
 {¶ 6} On June 8, 2004, the trial court issued a judgment entry denying Lomack's motion. Lomack then appealed that judgment to this court.
 {¶ 7} On appeal, Lomack assigns the following errors:
[1.] The trial court abused its discretion, when it dismissed the sworn in jury on the day of trial due to defendant-appellant being twenty minutes late was unreasonable and unjust in this case[.]
[2.] Court appointed counsel was ineffective assisstance of counsel, when he waived the defendant-appellant's rights to a fast and speedy trial as requested for by the defendant-appellant in this case[.]
[3.] The court error [sic] in not complying with ohio revised code § 2945.71(E), which is state statutory law in this case in chief[.]
 {¶ 8} Because they are both barred by res judicata, we will address Lomack's first and second assignments of error together. By these two assignments of error, Lomack argues that both his counsel and the trial court frustrated his constitutional right to a speedy trial.
 {¶ 9} Under the doctrine of res judicata, a final judgment of conviction bars a defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense that the defendant could have raised at the trial that resulted in the judgment of conviction or on appeal from that judgment. State v.Szefcyk (1996), 77 Ohio St.3d 93, syllabus. Lomack could have raised the arguments he now makes by his first two assignments of error in the direct appeal from his conviction. Because he had this opportunity, the doctrine of res judicata bars Lomack from asserting these arguments now. Accordingly, we overrule Lomack's first and second assignment of errors.
 {¶ 10} By Lomack's third assignment of error, he argues that he is entitled to 274 days, not 115 days, of jail-time credit pursuant to R.C. 2745.71(E). We disagree.
 {¶ 11} Generally, a defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation.State v. Parsons, Franklin App. No. 03AP-1176, 2005-Ohio-457, at ¶ 7. See, also, State ex rel. Rankin v. Ohio Adult ParoleAuth., 98 Ohio St.3d 476, 2003-Ohio-2061, at ¶ 10 ("Alleged errors regarding jail-time credit * * * may be raised by way of the defendant's direct appeal of his criminal case."). However, if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court. State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567, 573. See, also, State v.Eble, Franklin App. No. 04AP-334, 2004-Ohio-6721, at ¶ 10;State v. Fincher (Mar. 31, 1998), Franklin App. No. 97APA08-1084.
 {¶ 12} In the case at bar, Lomack maintains that the trial court made an erroneous legal determination, as opposed to a mathematical mistake. Accordingly, Lomack could only challenge the trial court's calculation of his jail-time credit in the direct appeal from the trial court's May 13, 1998 judgment. As Lomack failed to make this argument in his direct appeal, it, too, is barred by the doctrine of res judicata. Moreover, even if Lomack's argument was not barred by res judicata, his argument is without merit.
 {¶ 13} Lomack argues that that he is entitled to 274 days of jail-time credit based upon his reading of R.C. 2945.71(E), which requires that each day an accused is held in jail in lieu of bail pending trial must be counted as three days for the purpose of computing the time in which the accused must be brought to trial. However, contrary to Lomack's argument, the Supreme Court of Ohio has held that R.C. 2945.71(E) "does not require that each day of jail time be credited as three for purposes of reducing sentence." State ex rel. Freshour v. State (1988),39 Ohio St.3d 41, 42. Accordingly, we overrule Lomack's third assignment of error.
 {¶ 14} For the foregoing reasons, we overrule Lomack's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] R.C. 2945.71 specifies the deadlines by which a defendant must be brought to trial. According to R.C. 2945.71(E), for the purposes of computing certain of these deadlines, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."