OPINION
{¶ 1} Defendant-appellant, Michael S. Spillan, appeals from the judgments of the Franklin County Court of Common Pleas, whereby the trial court denied appellant's motions for jail-time credit.
 {¶ 2} On May 18, 2004, the trial court issued judgment entries journalizing appellant's convictions and sentences on four theft counts and one forgery count in common pleas case Nos. 02CR08-4904, 03CR04-2353, and 03CR10-6821. Appellant was represented by counsel, but filed no direct appeal from the convictions and sentences.
 {¶ 3} On July 26, 2005, appellant, represented by counsel, filed motions for jail-time credit for the above-noted convictions and sentences. In the motions, appellant contended that the trial court needed to award him jail-time credit for:
* * * [T]ime he spent in the Franklin County Work Release Center, for time he spent imprisoned in a federal institution for the conduct which underlay his conviction in one of the cases for which he is presently serving a sentence, and for time he spent on electronically-monitored house arrest.
 {¶ 4} Meanwhile, on December 8, 2005, the trial court held a sentencing hearing on appellant's attempted manufacturing explosives conviction in common pleas case No. 02CR11-6488. At the sentencing hearing, appellant's counsel mentioned the motions for jail-time credit. The trial court stated that it would not award the requested jail-time credit on the attempted manufacturing explosives conviction. On December 13, 2005, the trial court issued a judgment entry that journalized appellant's attempted manufacturing explosives conviction and sentence. Appellant filed no direct appeal from the conviction and sentence.
 {¶ 5} Thereafter, on January 11, 2006, the trial court entered a judgment entry denying appellant's motions for jail-time credit. The trial court concluded that appellant's motions were moot.
 {¶ 6} On January 13, 2006, appellant, represented by counsel, filed a notice of appeal to challenge the trial court's decision to deny the motions for jail-time credit in common pleas case Nos. 02CR08-4904, 03CR04-2353, and 03CR10-6821. On March 3, 2006, appellant, represented by counsel, filed a motion to amend the January 13, 2006 notice of appeal to include common pleas case No. 02CR11-6488, and the motion to amend was granted.
 {¶ 7} Appellant raises two assignments of error on appeal:
First Assignment of Error: The Trial Court erred to the prejudice of Defendant-Appellant in denying him jail time credit for pre-trial and post-sentencing detention.
Second Assignment of Error: The Trial Court erred to the prejudice of Defendant-Appellant in denying him jail time credit for time spent in federal custody pursuant to an executory agreement with the State of Ohio.
 {¶ 8} In his assignments of error, appellant contends that we must reverse the trial court's decision to deny his motions for jail-time credit. We disagree.
 {¶ 9} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Szefcyk (1996), 77 Ohio St.3d 93, 96; State v. Perry (1967),10 Ohio St.2d 175, 180. We have held that the doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit. See State v.Lomack, Franklin App. No. 04AP-648, 2005-Ohio-2716, at ¶ 12;State v. Eble, Franklin App. No. 04AP-334, 2004-Ohio-6721, at ¶ 10. In particular, we have held that "a defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation." Lomack at ¶ 11. However, "if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court." Lomack at ¶ 11; Eble at ¶ 10.
 {¶ 10} As an example, in State v. Parsons, Franklin App. No. 03AP-1176, 2005-Ohio-457, at ¶ 8, a defendant filed no direct appeal from his sentences, but, instead, subsequently filed a motion for additional jail-time credit. In the motion for jail-time credit, the defendant argued that the trial court was required by law to credit him with time "served while released on community control sanctions[.]" Id. Utilizing res judicata concepts, we concluded, in pertinent part, that the defendant's jail-time credit motion raised "a legal argument which should have been raised on direct appeal, and it would be improper to allow appellant to raise it now." Id.
 {¶ 11} Similarly, in State v. Boggs (Mar. 29, 2000), Lorain App. No. 99CA007358, the Ninth District Court of Appeals reviewed a case where a defendant filed a jail-time credit motion that alleged he was entitled to certain jail-time credit for time spent in jail prior to his convictions and sentences. The appellate court held that res judicata barred the defendant from asserting the jail-time credit motion because the defendant filed no direct appeal from his sentences and could have raised the jail-time credit issue on such a direct appeal.
 {¶ 12} Here, as in Parsons and Boggs, appellant filed a jail-time credit motion that alleged an erroneous legal determination on jail-time credit. However, as in Parsons andBoggs, appellant filed no direct appeal of his sentences. As such, as in Parsons and Boggs and pursuant to Lomack, Eble,Szefcyk, and Perry, we conclude that res judicata bars appellant from raising the jail-time credit issue through the jail-time credit motions and subsequent appeal of such motions, given that appellant, represented by counsel, could have raised the issue on direct appeal from his sentences.
 {¶ 13} In applying res judicata here, we emphasize that there is no injustice in requiring appellant to have availed "himself of all available grounds for relief" through the first available instance, i.e., the direct appeal from his sentences. See Gravav. Parkman Twp. (1995), 73 Ohio St.3d 379, 383. Such recognition "establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial or quasi-judicial time and resources." Id. at 383-384.
 {¶ 14} Lastly, we recognize that, while we have applied here a different reasoning than the trial court upon disposing of appellant's motions for jail-time credit, the trial court nonetheless correctly denied the motions and, therefore, we need not disturb the trial court's decision. See State ex rel.McGrath v. Ohio Adult Parole Auth., 100 Ohio St.3d 72,2003-Ohio-5062, at ¶ 8.
 {¶ 15} Accordingly, we conclude that the trial court did not err by denying appellant's motions for jail-time credit. As such, we overrule appellant's first and second assignments of error, and we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
Brown and McCormac, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.