DECISION
{¶ 1} Defendant-appellant, Mark Chafin ("appellant" or "Chafin"), proceeding pro se, appeals the trial court's decision and entry denying his motion for jail-time credit. Chafin is an inmate at the Chillicothe Correctional Institution where he is currently serving a jointly-recommended sentence of 14-months, pursuant to his conviction on one count of felony escape. For the reasons below, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On June 18, 2005, Chafin walked away from a hospital where he had been transported from the Franklin County Corrections Center ("FCCC") to receive medical treatment. (Tr. 2, 9.) Chafin was serving time in FCCC for a probation violation in connection with a previous theft conviction in case No. 05CR-288. Id. Nearly eight months after his escape, Chafin was apprehended and brought before the trial court on the original theft charge and probation violation, plus an additional charge of felony escape under R.C. 2921.34.
 {¶ 3} Both matters came for hearing on April 6, 2006, and it appears that counsel for Chafin entered into a plea agreement whereby Chafin would stipulate to the probation violation in exchange for the prosecutor's recommendation that Chafin be sentenced to time already served. (Tr. 4.) The court adopted the plea agreement and revoked Chafin's probation in case No. 05CR-288. The court sentenced Chafin to time served, which the court calculated as 113 days incarceration. Id. This terminated case No. 05CR-288, leaving only the escape charge in case No. 06CR-1279 as pending against Chafin.
 {¶ 4} Chafin entered into another plea agreement whereby he would plead guilty to an amended charge of escape, a felony of the fourth degree. (Tr. 9, 10.) The maximum sentence for the amended charge was 18 months, and the parties recommended a sentence of 14 months. Id.
 {¶ 5} The court accepted Chafin's guilty plea to the amended charge, and imposed the jointly-recommended 14-month sentence to be served in the Ohio Department of Rehabilitation and Correction ("ODRC"). (Tr. 10.) The trial judge also *Page 3 
stated on the record that Chafin was entitled to "zero" days additional jail-time credit on the new charge:
 The court: * * * I'm going to follow the recommendation of the sentence, that you serve 14 months in the Ohio department of rehabilitation and corrections. I will award zero-days of jail credit.
 When you do get out * * * you're going to be on post-release control. And they're going to monitor your behavior. If you violate the terms of that post-release control, they can send you back for up to seven months, just for doing that.
 * * *
 When you come out, your son is going to be 14 months older than he is right now. You are never going to get those 14 months back.
 The defendant: Nope.
 The court: Okay. Anything further?
 The fine and costs will be waived.
 [Defense Counsel]: Great.
 The court: Anything further?
 [The prosecutor]: No, your honor.
 The court: Good luck, Mr. Chafin.
(Tr. 11-12.)
 {¶ 6} Chafin did not file a direct appeal of his sentence, however, approximately five months after his sentencing hearing, he filed a motion for jail-time credit with the trial court. On September 29, 2006, the trial court denied the motion. Chafin filed a timely notice of appeal with this court assigning the denial of his motion as error for our review: *Page 4 
 The trial court erred to the appellant's prejudice by not granting his jail time credit motion where the appellant was confined in the F.C.C.C. I facility.
 {¶ 7} It is well established that prisoners who remain incarcerated while awaiting trial are entitled to jail-time credit towards the sentence ultimately imposed against them for the charge that gave rise to their arrest and confinement. See, e.g., R.C. 2967.191, 2949.08 and2949.12.
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *
R.C. 2967.191. Failure to credit the prisoner who languishes in jail while awaiting adjudication violates principles of equal protection because it would strongly favor the non-indigent prisoner who is capable of posting bail. See, e.g., State v. Sparks (1990), 69 Ohio App.3d 400,402 (citing White v. Gilligan [S.D.Ohio 1972], 351 F.Supp. 1012).
 {¶ 8} The sentencing court is charged with calculating the number of days of jail-time credit to which the defendant is entitled, which it then forwards to ODRC. Crim.R. 32.2(D); Pollock v. Ohio Adult ParoleAuth. (Mar. 21, 2002), Franklin App. No. 01AP-839.
 {¶ 9} Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation. Generally speaking, days served following arrest on a probation violation can only be credited toward the sentence on the original charge — i.e., the one for which he was sentenced to probation. Also, a defendant is not entitled to jail-time credit *Page 5 
for any period of incarceration arising from facts that are separate or distinguishable from those on which the current (or previous) sentence was based. See, e.g., State v. Smith (1992), 71 Ohio App.3d 302, 304;State v. Mitchell, Lucas App. No. L-05-1122, 2005-Ohio-6138, at ¶ 8. A sentence for any offense committed after the offense on which the defendant's probation is based is not entitled to jail-time credit. Id.;State ex rel. Gillen v. Ohio Adult Parole Auth. (1995),72 Ohio St.3d 381; State v. Peck, Franklin App. No. 01AP-1379, 2002-Ohio-3889. This is an important distinction because a probation violation usually occurs when the defendant commits a new crime. For example, a first offender is convicted of petty theft pursuant to a shoplifting incident. If the court sentences that defendant to six months in jail, and suspends the sentence in lieu of a period of one years probation, the defendant will go free. During the months that follow, if that same defendant is arrested for OVI, he will likely not be permitted to be released on bail because the jail will place a probation hold on the prisoner. Irrespective of the OVI charge, which would ordinarily allow the defendant to post bail and be released, under these circumstances, the defendant would have to be taken before the trial judge who sentenced him on the theft charge. Whatever time the defendant spent in jail between his arrest and the probation violation hearing could only be credited towards the sentence for the theft conviction.
 {¶ 10} Appellee does not refute Mr. Chafin's claims that the court denied him jail-time credit. Appellee's only argument is that the claim is barred by res judicata — that if he now takes issue with the trial court's calculation of his sentence, he should have raised that claim on direct appeal. (Appellee's Brief, at 1.) *Page 6 
 {¶ 11} The doctrine of res judicata bars a litigant from raising on appeal, or re-litigating any issue, claim, or defense that could have been raised at trial. State v. Szefcyk (1996), 77 Ohio St.3d 93, 96;State v. Perry (1967), 10 Ohio St.2d 175, 180. With regard to motions for jail-time credit, this court has held that res judicata applies to appeals from motions for jail-time credit, when the error claimed is one of legal determination, which could have been resolved during sentencing. State v. Spillan, Franklin App. No. 06AP-50, 2006-Ohio-4788, at ¶ 9; State v. Lomack, Franklin App. No. 04AP-648, 2005-Ohio-2716, at ¶ 12; State v. Eble, Franklin App. No. 04AP-334, 2004-Ohio-6721, at ¶ 10.
 {¶ 12} To constitute an error of "legal determination," the error claimed must be, essentially, a substantive claim, as opposed to a mistake in simple arithmetic. See Spillan, ibid. For example, inState v. Parsons, Franklin App. No. 03AP-1176, 2005-Ohio-457, at ¶ 8, the defendant argued that he should have been credited with time served for the period he was released on probation. This court reasoned that the defendant's argument was a substantive claim because he argued that he was denied credit for a category of time to which he believed he was entitled. See id. The inclusion or exclusion of that period of time should have been raised during sentencing before the trial court or on direct appeal, not in a motion for correction. Id.
 {¶ 13} A mathematical error, by contrast, is ministerial. See, generally, Heddleston v. Mack (1998), 84 Ohio St.3d 213. For example, if a court awarded two months jail-time credit to a defendant who was incarcerated while awaiting trial, and calculated those two months as 60 days, but the actual time served was 61 days, this is a simple mathematical error. In this instance, a motion for correction would be the proper remedy. See id. *Page 7 
Because a motion for correction is the proper remedy for this type of claim, the claim is not waived on appeal if the defendant failed to raise it previously.
 {¶ 14} In this case, it is not entirely clear which argument Chafin is trying to make, although we note that he has not argued specifically that the court made a mathematical error. It appears that he was incarcerated for 113 days at the time of his escape in June 2005, and an additional period of 59 days from the time of his apprehension on February 7, 2006, until his sentencing on April 6, 2006. (Appellant's brief, at 1.) This is also supported by the evidence in the record. The gravamen of Chafin's claim, however, is that the trial court failed to award him credit for the 59 days he served in FCCC between February 7 and April 6, and that he was entitled to have those days credited towards the escape charge. (Appellant's Reply Brief, at 2.) We disagree.
 {¶ 15} We conclude that Chafin is raising a substantive claim, and not one of simple mathematical error, because he is claiming that credit is due for a category of time, not the number of days within that category. That being the scenario, the claim is barred, because Chafin did not raise this claim at the sentencing hearing, and chose not to address it on direct appeal. If Chafin believed he was owed additional jail-time credit towards the escape charge, he should have expressed this to the court during his sentencing hearing. The transcript of the hearing unequivocally reveals, however, not only that the court intended to award zero days credit towards the escape charge, but also that Chafin fully acknowledged that fact.
 {¶ 16} Even if this claim was not barred by res judicata, R.C.2967.191 explicitly states that jail-time credit can only be credited towards the charge giving rise to the defendant's incarceration at that time. See, e.g., State ex rel. Carter v. Wilkinson, *Page 8 
Franklin App. No. 03AP-737, 2004-Ohio-3386, at ¶ 8. When Chafin was apprehended in February 2006, he was arrested on a warrant for the original theft/probation violation charge. True, he was also charged with escape, and held on that charge, but the escape charge was purely ancillary to the original charge(s), and it is outside the purview of R.C. 2967.191. See ibid.
 {¶ 17} Arguably, there was a mathematical error in the computation of Chafin's sentence, but the record clearly demonstrates that Chafin got exactly what he bargained for, and that he has not been prejudiced. Furthermore, we would be remiss not to reiterate that this sentence was jointly recommended by the prosecutor, the probation department, and defense counsel. (Judgment Entry Denying Motion for Jail-Time Credit, Sept. 29, 2006, at 2.)
 {¶ 18} Counsel for Chafin entered into a plea agreement whereby the time already served would satisfy the sentence for the original theft charge and probation violation. It is therefore of no consequence how many days credit were awarded because the court intended to credit all of those days towards the original charge. In its decision denying Chafin's motion, the court also stated that increasing the number of days of jail-time credit would, in effect, reduce the sentence imposed for the original charge. Id. at 3.
 {¶ 19} The escape charge was separate, and carried a sentence between 12 and 18 months. The parties agreed upon a 14-month sentence, the court imposed the agreed upon sentence, and the court stated on the record that no additional credit was owed. (Tr. 11.) Chafin, who was represented by counsel, engaged in a dialogue with the trial judge that eschews the claim he now raises before this court. *Page 9 
 {¶ 20} Even if this claim were not barred by res judicata, any error in mathematical computation was harmless error and would not be proper justification for remand, because it was the court's intention to award all the time served, and to credit that time towards the original charge. See, generally, Gerhold v. Papathanasion (1936),130 Ohio St. 342, 346 ("[T]he law does not require the performance of a vain act.").
 {¶ 21} We also note that Chafin received five days jail-time credit from April 7, through April 11, 2006 — the time he remained in county lockup while awaiting transfer to ODRC. (Notice of Commitment and Calculation of Sentence, Apr. 12, 2006.) Again, Chafin has not been prejudiced. Given the clarity of the record, Chafin and his counsel had every opportunity to object to the number of days of jail-time credit at the sentencing hearing (if not before).
 {¶ 22} Accordingly, we conclude that the trial court did not err by denying appellant's motion, thus, there is no reason to disturb its judgment.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} Having overruled appellant's sole assignment of error, the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BROWN and MCGRATH, JJ., concur. *Page 1