OPINION
{¶ 1} Appellant, Ellsworth Moyer, seeks to appeal the trial court's denial of pro se, post-conviction motion for jail time credit. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On June 9, 2003, appellant was arrested. On June 11, 2003, appellant was indicted by the Guernsey County Grand Jury on one count of illegal use of a minor in nudity oriented material or performance in violation of R.C.2907.323, a second degree felony (Count One); one count of intimidation in violation of R.C.2921.04(B), a third degree felony (Count Two); and one count of disseminating matters harmful to juveniles in violation of R.C. 2907.31(A)(1), a fifth degree felony (Count Three).
 {¶ 3} On June 23, 2003, appellant posted bond in the amount of Five Hundred Dollars ($500.00) and was released from the Guernsey County Jail pending trial. On September 4, 2003, appellant failed to appear for trial. Accordingly, his bond was revoked and a capias was issued for his arrest for failure to appear. The capias specifically commanded the arresting officers to take and safely keep the appellant, "to answer unto a charge filed against said party for failure to appear."
 {¶ 4} On February 11, 2004, appellant was arrested on the capias and was transported to Guernsey County. On March 15, 2004, appellant, represented by counsel and pursuant to a negotiated plea agreement, pleaded no contest to count one, illegal use of a minor in nudity oriented material, and count three, disseminating matters harmful to juveniles, as set forth in the indictment. Appellant was sentenced to serve a four year term of incarceration for illegal use of a minor in nudity oriented material and a seven month sentence for disseminating matter harmful to juveniles. The trial court *Page 3 
further ordered the sentences to be served consecutively. Pursuant to the negotiated plea, the court dismissed count two of the indictment. Further, as negotiated, the trial court further found appellant to be a sexually oriented offender.
 {¶ 5} With regard to jail time credit, the trial court's judgment entry of conviction and sentence specifically stated as follows: "Defendant shall receive no jail time credit for time incarcerated to date due to his fleeing to avoid prosecution in this case. Defendant shall however receive credit from time incarcerated beginning March 15, 2004." Appellant did not file an appeal from the judgment of conviction and sentence. On March 24, 2004, the trial court found appellant's aggregate jail time credit to be three days.
 {¶ 6} On March 29, 2007, appellant filed a motion for jail time credit. In the motion appellant claims that he was held pending trial on the charges from "May 9, 2003, until May 22, 2003", and then again from "February 11, 2004 through March 17, 2004". The Guernsey County Sheriff's booking history indicates that from May 9, 2003 until May 22, 2003, appellant was being held on charges out of both Guernsey and Noble Counties. On March 19, 2007, the trial court summarily denied appellant's motion for jail time credit. On April 6, 2007 the trial court filed an additional entry amending the denial and included the following reasoning:
 {¶ 7} "The Court (having reviewed its Judgment Entry of Sentence filed March 16, 2004) finds that at Page Three, Order #2, the Court ORDERS that `Defendant shall receive no jail-time credit for time incarcerated to date due to his fleeing to avoid prosecution in this case. Defendant shall, however, receive credit for time incarcerated beginning March 15, 2004. *Page 4 
 {¶ 8} "Based upon the foregoing, the Court finds that Defendant's Motion for Jail-Time Credit of 47 days should be, and hereby is, DENIED, with the exception of the time incarcerated beginning March 15, 2004."
 {¶ 9} It is from this judgment that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/ APPELLANT BY FAILING TO CALCULATE PRETRIAL/ PRESENTENCE DETENTION AND NOTE THE JAIL-TIME CREDIT IN THE JUDGMENT ENTRY.
 {¶ 11} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT, AND ABUSED ITS DISCRETION WHERE THE COURT REFUSED TO CALCULATE JAIL-TIME CREDIT BASED ON PASSION AND/OR BIAS CITING REASON NOT ALLOWED IN THE LAW.
 {¶ 12} "III. THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY VIOLATING STATE LAW AND THE U.S. AND THE OHIO CONSTITUTIONS, WHEN THE COURT EXTENDED THE DEFENDANT/APPELLANT'S SENTENCE BEYOND THE STATUTORY MAXIMUM WHERE THE TRIAL COURT FAILED TO CALCULATE PRETRIAL/ PRESENTENCE DETENTION, DISALLOWING THE ADULT PAROLE AUTHORITY THE ABILITY AS REQUIRED BY LAW, TO REDUCE THE STATED TERMS OF IMPRISONMENT BY THE NUMBER OF DAYS FOR WHICH THE DEFENDANT/APPELLANT HAS BEEN INCARCERATED." *Page 5 
 I, II, III {¶ 13} In his three assignments of error, appellant argues that the trial court erred as a matter of law in denying him jail-time credit for his detention in the Guernsey County Jail pending trial. Appellee argues that appellant is barred by the doctrine of res judicata from raising this issue, more than three years after his conviction and sentence, on appeal from the denial of a post-conviction motion. We agree.
 {¶ 14} Under the doctrine of res judicata, a final judgment and conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on appeal from that judgment. State v. Szefck (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233;State v. Perry (1967), 10 Ohio St. 2d 175, 180, 226 N.E.2d 104. The doctrine of res judicata has also been held to apply to a jail-time credit motion that alleges an erroneous legal determination on jail time credit. See, State v. Chafin, Franklin App. No. 06AP-1108,2007-Ohio-1840; State v. Lomack, Franklin App. No 04AP-648,2005-Ohio-2716, at paragraph 12; State v. Eble, Franklin App. No. 04AP-334, 2004-Ohio-6721 at paragraph 10.Issues regarding jail-time credit are properly addressed on direct appeal. State ex rel. Rankin v.Ohio Adult Parole Authority (2003), 98 Ohio St. 3d 476, 479,786 N.E.2d 1286; State ex rel. Jones v. O'Connor (1999), 84 Ohio St. 3d 426,704 N.E.2d 1223; State v Parsons, Franklin App. No. 03AP-1176,2005-Ohio-457, at paragraph 8; State v. Robinson (Oct. 23, 2000), Scioto App. No. 00CA2698, unreported; State v. Flynn (Nov. 7, 1997), Ashtabula App. No. 96-A-0079; State v. Walker, Muskingum App. No. CT 2007-0062,2007-Ohio-6624. *Page 6 
 {¶ 15} We note that there is no injustice in requiring an appellant to have availed "himself of all available grounds for relief" through the first available instance, i.e. the direct appeal from a conviction and sentence. See Grava v. Pakman Twp. (1995), 73 Ohio St.3d 379, 383,1995-Ohio-331, 653 N.E.2d 226. Such recognition "establishes certainty in legal relations and individual rights, accords stability to judgments and promotes the efficient use of limited judicial or quasi judicial time and resources." Grava v. Parkman Twp., 73 Ohio St.3d at 383-384.
 {¶ 16} In this case, appellant entered a plea and was sentenced on March 15, 2004. He entered a plea in accordance with the terms of a negotiated plea agreement and was represented by counsel. The trial court specifically stated in the judgment of conviction and sentence, that, "Defendant shall receive no jail-time credit for time incarcerated to date due to his fleeing to avoid prosecution in this case. Defendant shall, however, receive credit for time incarcerated beginning March 15, 2004." Appellant was aware of the terms of the negotiated plea. Furthermore, appellant did not file a timely appeal from the trial court's judgment of conviction and sentence.
 {¶ 17} For these reasons we hereby find that appellant is barred by the doctrine of res judicata from pursuing his motion for jail time credit. Appellant had an opportunity to appeal the trial court's denial of jail time credit by means of a direct appeal of that denial, but appellant did not do so. *Page 7 
 {¶ 18} Accordingly, appellant's first, second and third assignments of error are not well taken and are hereby overruled.
 {¶ 19} The judgment of the Guernsey County Court of Common Pleas is hereby affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1