[Cite as *State v. Barnett*, 2014-Ohio-3686.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 MA 123 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| RUFUS BARNETT, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                Court, Case No. 12CR993.


JUDGMENT:                        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio 44503


For Defendant-Appellant:         Attorney Jan Mostov
                                 4822 Market Street, Suite 250
                                 Boardman, Ohio 44512


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated: August 19, 2014

VUKOVICH, J.

{¶1}   Defendant-appellant Rufus Barnett appeals after the Mahoning County Common Pleas Court sentenced him to 18 months imprisonment with 232 days of jail-time credit.  Appellant contends he is entitled to receive an additional 62 days of jail-time credit based on an argument that the Mahoning County Court in Boardman improperly held him on a separate and unrelated charge.  For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶2}   On November 7, 2012, Barnett pled guilty in the Mahoning County Common Pleas Court to Carrying a Concealed Weapon in violation of R.C. 2923.12(A)(1)(F), a felony of the fourth degree.  That court released Barnett on his own recognizance pending sentencing.  On December 20, 2012, the Common Pleas Court sentenced Barnett to a two-year community control sanction.  The court also ordered him to enter and complete an in-house program at Community Corrections Association (CCA) for a period not to exceed six months.  Barnett absconded from the program on April 25, 2013, and a bench warrant was issued for his arrest. Barnett was apprehended on May 8, 2013.  He stipulated that he violated his community control.

{¶3}   At the resentencing hearing, the parties disputed the jail-time credit Barnett was entitled to receive.  The state proposed that he was entitled to 232 days of jail-time credit.[1]  The defense stated that at the time of his initial arrest, he was simultaneously held by the Common Pleas Court and the Mahoning County Court in Boardman.  The defense argued that although the Boardman Court intended to release its hold, Barnett was inadvertently held on that offense for an additional 62 days from November 7, 2012 until January 8, 2013 (when the Boardman Court entered what defense counsel called a "corrective entry").

---

[1]At the time of Barnett's plea on November 7, 2012, he had accumulated 62 days of jail-time credit before being released on his own recognizance pending sentencing. Further, he received 101 days of jail-time credit from his confinement at CCA from January 8, 2012 until April 19, 2012. Finally, he received 69 days of jail-time credit from the time of his arrest on the bench warrant until the resentencing hearing. This totals 232 days.

**{¶4}** The state responded that once Barnett had been given a release by the Common Pleas Court, he was no longer being held by that court and he was not entitled to credit for time spent incarcerated by a separate court on an unrelated charge. The state urged that for purposes of the Common Pleas Court's sentence, Barnett's jail-time credit only resumed accumulating when he entered CCA on January 8, 2013 to serve the Common Pleas Court's sentence.

**{¶5}** The court declined to grant Barnett an additional 62 days credit. On December 27, 2012, the court sentenced Barnett to 18 months imprisonment with 232 days of jail-time credit. Barnett filed a timely appeal to contest the jail-time credit issue.

ASSIGNMENT OF ERROR

**{¶6}** Appellant's sole assignment of error alleges:

**{¶7}** "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO CREDIT DEFENDANT-APPELLANT FOR 62 DAYS OF JAIL-TIME CREDIT WHEN IT SENTENCED HIM ON HIS PROBATION VIOLATION."

**{¶8}** Appellant argues that his Boardman case involved a clerical error which led to an unlawful incarceration and urges that neither the prosecutor nor the court questioned the veracity of his claim at sentencing. Appellant proposes that because he was incarcerated, he should receive credit for that time regardless of which court erred.

**{¶9}** The State argues that appellant was released by the Common Pleas Court on November 7, 2012 and was not incarcerated for that offense from November 7, 2012 until January 8, 2013. Because appellant was not incarcerated on the Common Pleas Court case from November 7, 2012 until January 8, 2013, the state concludes that he is not entitled to jail-time credit for incarceration during that time period for a separate and unrelated offense.

**{¶10}** Under R.C. 2967.191, the Department of Rehabilitation and Correction is responsible for crediting jail-time served, but the trial court holds the responsibility of calculating the amount of jail-time credit. *State* v. *Mason*, 7th Dist. No. 10CO20, 2011-Ohio-3167, ¶ 9; Ohio Adm. Code 5120-04(B). A prison term must be reduced

by the total number of days that the "prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced. *See* R.C. 2967.191

{¶11} "Although the principle of crediting time served seems fairly simple on its face, in practice, it can be complicated when, inter alia, the defendant is charged with multiple crimes committed at different times, or when the defendant is incarcerated due to a probation violation." *State v. Chafin*, 10th Dist. No. 06AP-1108, 2007-Ohio-1840, ¶ 9. Generally, when an arrest follows a probation violation, the defendant can only receive jail-time credit towards the sentence of the original charge. *Id.* "A defendant is not entitled to jail-time credit for any period of incarceration arising from facts that are separate or distinguishable from those on which the current (or previous) sentence was based." *Id.*

{¶12} Generally speaking, "a defendant is not entitled to jail-time credit for any period of incarceration arising from facts that are separate or distinguishable from those on which the current (or previous) sentence was based on." *Mason*, 7th Dist. No. 10CO20 at ¶ 25. *See also State v. Dawn*, 45 Ohio App.2d 43, 340 N.E.2d 421 (1st Dist.1975); *State v. Dailey*, 3rd Dist. No. 8-10-01, 2010-Ohio-4816. In other words, "a defendant is only entitled to jail-time credit for confinement that is related to the offense for which he is being sentenced." *Mason*, 7th Dist. No. 10CO20 at ¶ 25.

{¶13} It has been observed that R.C. 2967.191 does not allow a convicted person to turn his confinement for various convictions into a "bank" of jail time that he "withdraw" as needed for pending felony offenses. *State v. Marini*, 5th Dist. No. 09-CA-6, 2009-Ohio-4633, ¶ 22. *See also State v. Struble*, 11th Dist. No. 2005-L-115, 2006-Ohio-3417, ¶ 11 (jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender was eventually sentenced); *State v. Goehring*, 6th Dist. No. OT-03-035, 2004-Ohio-5240 (a defendant is not entitled to jail-time credit for any period of incarceration arising from separate facts apart from the facts of the current sentence); *State v. Logan*, 71 Ohio App.3d 292, 300, 593 N.E.2d 395 (10th Dist.1991) (where

defendant was incarcerated on a prior unrelated conviction during the pendency of his present case, he was not entitled to jail time credit).

{¶14} The claimed facts of this case are that appellant was held by both the Common Pleas Court and the Boardman Court for a period of time preceding November 7, 2012. On November 7, 2012, the Common Pleas Court released appellant. On or around November 7, 2012, the Boardman Court also intended to release its hold on appellant, but due to an alleged error by the Boardman Court, appellant continued to be held on that charge. The record does not specify the nature of the Boardman charge, but the parties do not dispute that the Common Pleas Court charge and the Boardman charge are separate and unrelated offenses. Because the charges are separate and unrelated, we conclude that the Common Pleas Court was not mandated to provide jail-time credit on the allegation that a court in Boardman supposedly forgot to release him.

{¶15} As the Common Pleas Court pointed out, this is an issue that should have been raised before the Boardman Court. And the record in this case does not clearly establish what occurred in the Boardman Court. We do not agree with defendant's suggestion that if he alleges at sentencing that he was held too long by a *different* court in a *separate* and *unrelated* case and the state does not produce evidence that he was not held too long in the other case, the defendant automatically establishes that the other court held him too long or that he is entitled to jail-time credit in the current case.[2]

{¶16} We cannot find that the trial court erred in failing to credit appellant with additional jail-time credit for time served on a different case. Even if the record supported his contention that a mistake was made by the Boardman Court, it was a

---

[2]For appellant's information and as the state alternately points out on appeal, the Boardman docket shows that on November 6, 2012, the defendant stipulated to a probation violation and was sentenced to 180 days (with credit for 60 days) to be served concurrent with any time ordered by the Common Pleas Court. The entry reiterated "the defendant stipulates to the violation and agrees to the following conditions:  to serve 180 days in jail with credit for 60 days served (120 days  to serve), concurrent to any time imposed from the Common Pleas Court Case No. 12 CR 993. All jail time will be served." On January 8, 2013, the Boardman Court suspended its remaining sentence.

mistake made by another court in an unrelated case. This assignment of error is overruled. The judgment of the trial court is hereby affirmed.


Waite, J., concurs.
DeGenaro, P.J., concurs.