[Cite as *State v. St. Thomas*, 2018-Ohio-817.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 MA 0147 |
| V. | ) | |
| | ) | OPINION |
| DWAYNE ST. THOMAS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 2014 CR 873

JUDGMENT:                                        Affirmed.

APPEARANCES:
For Plaintiff-Appellee                        Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecutor
21 West Boardman Street, 6th floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant                    Dwayne St. Thomas  PRO-SE
A674-440
P.O. Box 8000
Conneaut, Ohio 44030

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: February 27, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Dwayne St. Thomas, appeals from a Mahoning County Common Pleas Court judgment denying his request for jail-time credit.

{¶2} On August 21, 2014, a Mahoning County Grand Jury indicted appellant on one count of trafficking in cocaine, a first-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(f); one count of trafficking in heroin, a second-degree felony in violation of R.C. 2925.03(A)(1)(C)(6)(d); and two counts of trafficking in heroin, first-degree felonies in violation of R.C. 2925.03(A)(1)(C)(6)(e). Appellant initially entered a not guilty plea.

{¶3} On August 28, 2015, appellant changed his plea and entered a guilty plea to the charges. The trial court held a sentencing hearing on October 20, 2015. It sentenced appellant to three years on each of the four counts to be served concurrently for a total sentence of three years in prison. The court also ordered appellant's sentence to run concurrently with his sentence in another case (2015 CR 175). Additionally, the court granted appellant 547 days of jail-time credit along with future custody days while he awaited transport to prison.

{¶4} On April 24, 2017, appellant, acting pro se, filed a motion for additional jail-time credit. In his motion, he argued that the Ohio Department of Rehabilitation and Correction (ODRC) only gave him credit for 255 days despite the trial court's order that he was entitled to a credit of 547 days. Appellant requested credit for the balance of the days. He asserted he was entitled to 316 more days of credit. The trial court overruled appellant's motion.

{¶5} Appellant filed a timely notice of appeal on October 16, 2017. Appellant, still acting pro se, now raises a single assignment of error.

{¶6} Appellant's assignment of error states:

THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION FOR JAIL-TIME CREDIT PURSUANT TO *FUGATE* AND *CACCAMO*.

{¶7} Appellant's argument here is two-fold. First, appellant asserts the

ODRC did not credit him with the 547 days the trial court found he was entitled to. Instead, he asserts the ODRC only gave him credit for 255 days.

{¶8} In State v. Slager, 10th Dist. No. 11AP-794, 2012-Ohio-3584, the Tenth District addressed the appellant's argument as to whether ODRC correctly credited his jail-time credit in conformity with the trial court's judgment. The court determined:

> The proper method to make such a request, however, is not the filing of a post-conviction motion in the underlying criminal action-litigation to which the ODRC is not a party. Rather, the proper method would be the filing of an original action. See *State v. Berger*, 170 Ohio App.3d 8, 11 (1984) ( "mandamus, rather than a motion in the trial court for credit for time served, is the proper remedy for enforcing a * * * right to have [a] sentence reduced by crediting time served prior to conviction.") We note that this court has previously considered and resolved mandamus actions in which prisoners have sought extraordinary writs of mandamus compelling state prison officials to recognize jail-time credit consistent with a court's entry. *State ex rel. Green v. Money*, 10th Dist. No. 03AP-7, 2003-Ohio-4572.
>
> In order to obtain a writ of mandamus, appellant would be required to demonstrate that: (1) he has a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the act requested; and (3) that the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Thompson v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-24, 2011-Ohio-429, ¶ 23, citing *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). In this instance, appellant filed a motion for jail-time credit. In so doing, he has not demonstrated any of the criteria necessary for a court to consider whether appellant's request is warranted, nor has he named ODRC as a party. With this in mind, we cannot say the trial court erred in denying the motion, but the reasons for this conclusion differ from the reasons

articulated by the trial court and argued by the state.

*Id.* at ¶¶ 16-17; (Footnotes omitted).

**{¶9}** We reach the same conclusion here. The proper method for appellant to challenge the ODRC's implementation of the trial court's jail-time credit is by way of a mandamus action naming the ODRC as a party.

**{¶10}** Appellant's second argument is that the trial court did not properly determine his jail-time credit. Appellant argues that he was held in the Mahoning County Jail from the date of his arrest (September 3, 2014) until he was transferred to prison on November 13, 2015. He claims that he was held in jail on charges in a case other than the case at bar but that he is still entitled to jail-time credit for those days. Appellant requests that we remand this matter to the trial court with instructions to recalculate his jail-time credit.

**{¶11}** Interestingly, appellant claims he is entitled to credit from September 3, 2014 until November 13, 2015. This would be a credit of 437 days. The trial court gave him a credit of 547 days, plus credit for any additional days he spent in jail awaiting transfer to prison. So it is curious why appellant would raise this as an issue.

**{¶12}** Moreover, appellant never filed a direct appeal from the trial court's sentencing judgment entry. "While a defendant may challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court, and then by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry." State v. Mason, 7th Dist. No. 10 CO 20, 2011-Ohio-3167, ¶ 13, citing State v. Parsons, 10th Dist. No. 03AP-1176, 2005-Ohio-457, at ¶¶ 7-8. Because appellant failed to raise the issue of whether the trial court made a legal error in imposing jail-time credit in a direct appeal, he cannot now raise this issue. See Id.

**{¶13}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶14}** For the reasons stated above, the trial court's judgment is hereby

affirmed.

Waite, J., concurs

Robb, P., J., concurs