[Cite as *State v. Jones*, 2012-Ohio-4676.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 5 |
| CHRISTOPHER MONTEZ JONES | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Richland County Court of Common Pleas, Case Nos. 04-CR-267 and 05-CR-863 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 5, 2012 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JAMES J. MAYER, JR.<br>PROSECUTING ATTORNEY<br>JILL M. COCHRAN<br>Assistant Prosecutor<br>38 South Park Street<br>Mansfield, Ohio  44902 | CHRISTOPHER MONTEZ JONES, Pro Se<br>c/o Richland Correctional Institution<br>Inmate No. 554-805<br>P.O. Box 8107<br>Mansfield, Ohio 44901-8107 |

*Wise, J.*

**{¶1}** Defendant-Appellant Christopher Montez Jones appeals his conviction and sentence entered by the Richland County Court of Common Pleas in case numbers 2004CR0267D and 2005CR0863D.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

<u>STATEMENT OF THE CASE</u>

**{¶6}** Appellant Christopher Montez Jones was indicted on case number 04-CR-207 on April 9, 2004, and was arrested on April 14, 2004. He was released on a recognizance bond. Appellant was indicted in case number 04-CR-267 on May 6, 2004 and was arrested on May 13, 2004. He was released on a recognizance bond and committed the theft involved in case 04-CR-881 before he was arraigned on case number 04-CR-207 on June 29, 2004.

**{¶7}** Case number 04-CR-207 was set for a change of plea hearing on September 20, 2004. This hearing did not take place because, as the court records

indicate, Appellant was being held in Lawrence County as a material witness in a murder prosecution. An order was filed in 04-CR-207 to have Appellant transferred from Lawrence County to Richland County on September 27, 2004 so that he could enter a change of plea. However, the hearing was canceled because Appellant indicated that he no longer wished to change his plea

{¶8} Appellant was indicted on case number 04-CR-881 on November 4, 2004. He was arraigned on case number 04-CR-267 on December 14, 2004 and on case number 04-CR-881 on December 28, 2004. Thereafter, the 2004 cases were consolidated.

{¶9} On March 14, 2005, a final pretrial was held, at which point Appellant requested that his pending jury trial be changed to a change of plea hearing. Appellant was set to change his plea on March 28, 2005 but failed to appear in court. Appellant was not arrested until July 3, 2007. In the interim, Appellant was indicted in case number 05-CR-863 on November 16, 2005. He was arraigned on this case on July 31, 2007. This case was also consolidated with the 2004 cases, and all of the cases were set for jury trial.

{¶10} On August 27, 2007, Appellant appeared before Judge DeWeese of the Richland County Court of Common Pleas, and pled guilty as charged in all four cases. As a part of the plea agreement, the State agreed to recommend community control in case number 2005-CR-863 and allow the results of a pre-sentence investigation to dictate Appellant's sentence in the remaining cases. Appellant's sentencing hearing was set for October 29, 2007.

{¶11} On October 29, 2007, an unknown person called in a bomb threat to the trial court, causing the courthouse to be evacuated. Appellant was under suspicion for making the call. After the court reopened, Appellant called in a phony medical excuse. (Sent. T. at 8-9). Ultimately, Appellant failed to appear for sentencing and a bench warrant was issued for his arrest.

{¶12} Appellant was eventually located and brought back before the court for sentencing on October 31, 2008. At that time, the trial court sentenced Appellant to twelve months on the sole count in 04-CR-207, to run consecutive to the sentences in 04-CR-267 and 04-CR-881.

{¶13} In case number 04-CR-267, the court sentenced Appellant to eighteen months on count one, eighteen months on count two, and five years on count three, to run consecutive to each other and to the sentences in 04-CR-207 and 04-CR-881. This sentence included a three-year term of post-release control on the third degree felony identification theft.

{¶14} In case number 04-CR-881, the court sentenced Appellant to twelve months on the sole count, to run consecutive to the sentences in 04-CR-207 and 04-CR-881.

{¶15} In case number 05-CR-863, the court sentenced Appellant to three years of community control to commence after his release from the aggregate ten-year prison sentence imposed on the other three cases. Appellant did not pursue a direct appeal from these sentences.

{¶16} In March, 2009, Appellant filed a Motion to Withdraw Guilty Plea and a Petition to Vacate or Set Aside Judgment of Conviction or Sentence in case numbers 04-CR-207, 04-CR-267 and 04-CR-881.

{¶17} On June 17, 2009, the trial court overruled those motions. Appellant did not appeal the trial court's denial of his motion to withdraw his guilty plea; however, he did file a motion for a delayed appeal in this Court on August 17, 2009. This motion was denied on September 24, 2009.

{¶18} On May 21, 2010, Appellant filed a Motion to Revise/Correct Sentencing Entries to Comply with Crim.R. 32(C) for failure to include the manner of conviction.

{¶19} On June 2, 2010, as a result of this motion, the trial court issued amended sentencing entries for 04-CR-207, 04-CR-267, and 04-CR-881 on June 2, 2010.  The new sentencing entry indicated that Appellant's three years of post-release control was mandatory. However, Appellant was never eligible for mandatory post-release control as his third degree felony identity fraud did not involve harm or the threat of harm.

{¶20} Appellant appealed the new sentencing entries to this Court raising the argument the he was entitled to withdraw his guilty plea because he was not properly informed of a mandatory term of post-release control. Pursuant to the Supreme Court's ruling in *State v. Baker,* 119 Ohio St. 3d 197, 2008-Ohio-3330, 893 N.E.2d 163, this Court found that Appellant's first sentencing entry was not a final appealable order due to the lack of the manner of conviction and allowed him to directly appeal his convictions and sentences. The parties made their arguments as though Appellant had truly been sentenced to a mandatory term of post-release control and

this Court found that the failure to notify Appellant of a mandatory term of post-release control made his pleas involuntary. This Court overruled Appellant's conviction and remanded the 2004 cases back to the trial court.

{¶21} Appellant did not appeal his sentence in the 2005 case.

{¶22} On May 16, 2011, Appellant once again changed his plea in the 2004 cases and was sentenced to a term of community control. Appellant did not appeal his conviction or sentence.

{¶23} Approximately a week after Appellant's release, he was arrested and sent to Federal prison.

{¶24} A probation violation was filed on all of Appellant's cases.[1]

{¶25} At the probation violation hearing, held on December 21, 2011, it was put on the record that Appellant was seen by his probation officer driving without a license. Upon search of the vehicle, Appellant was found to be in possession of two cellular telephones, several devices that could connect to the internet, and four credit/debit cards in the names of other people, all in violation of his probation terms. Appellant told his probation officer that he did not know anything about the cards, but that the people named in the cards were his next door neighbors. It was determined through further investigation that Appellant had used the empty apartment next to him as an address to set up fake credit card accounts. Appellant was seen on video using the fake cards.

---

[1] After Appellant's release from Federal prison, Appellant spent a short amount of time either back on community control or out on bond prior to a probation violation hearing.

Appellant was also found to have had contact with Yolanda Jones in violation of the court's order. [2]

{¶26} Appellant admitted to the remaining probation violations. During the probation violation hearing, Appellant's counsel argued that the three charges in case number 04-CR-267 were allied offenses, claiming that they all arose out of the same transaction and were committed with the same intent, i.e., to steal a motor vehicle. The State did not make a response. The trial court did not hear evidence regarding whether the offenses were allied and did not make a ruling on the same at the probation violation hearing.

{¶27} Appellant's probation was revoked and he was sentenced to one year in prison each in case numbers 04-CR-207, 04-CR-881 and 05-CR-863. He was sentenced to three years in prison on count three in case number 04-CR-267, and his probation was tolled on the other two counts until his release from prison. The prison terms were ordered to be served consecutively for a total prison sentence of six years, with a term of probation remaining upon his release from prison.

{¶28} The trial court stated that Appellant was appropriate for post-release control. The court also indicated that it did not believe it had the power to sentence Appellant to post-release control. (Prob. V. T. at 30). The judgment entry reflects the same.

{¶29} Appellant now appeals the sentencing entry issued from the December 22, 2011, probation violation hearing. He filed two separate appeals, which were

---

[2] Appellant was also cited for receiving new felony charges; however, this was dismissed as a probation violation due to the fact that these charges had not been resolved at the time of the hearing.

joined by this Court. This Court ordered Appellant to submit one brief that contained all of his issues.

{¶30} Appellant now appeals from the resentencing entries, assigning as error:

<u>ASSIGNMENTS OF ERROR</u>[3]

{¶31} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT INFORM APPELLANT AT ALL ALL [SIC] OF POST-RELEASE CONTROL DURING THE PLEA HEARING PRIOR TO ACCEPTING HIS PLEAS THEREBY FAILING TO SUBSTANTIALLY COMPLY WITH THE CAXIMUM [SIC] PENALTY-COMPONENT [SIC] OF CRIM.R. 11(C)(2)(A).

{¶32} "II. THE SENTENCING COURT ERRED BY NOT FIRST CONSIDERING THE CONDUCT OF THE DEFENDANT" [SIC] AS TO WHETHER THE THREE OFFENSES SHOULD HAVE BEEN MERGED BY DETERMINING IF THE THREE OFFENSES COMMITTED IN THE SINGLE OFFENSE WERE ALLIED OFFENSES OF SIMILAR IMPORT COMMITTED TOGETHER IN THE SAME CONDUCT WITHIN A SINGLE ANIMUS."

I.

{¶33} In his First Assignment of Error, Appellant argues that his plea in the 05-CR-863 case was not made knowingly, intelligently and/or voluntarily because the trial court failed to inform him that he could be sentenced to a discretionary period of post-release control. We disagree.

---

[3] Appellant filed three separate briefs in this matter. The first, filed March 23, 2012, appealed Case No. 05-CR-863, the second, filed April 23, 2012, appealed Case No. 04-CR-267 and the third, filed June 14, 2012, appealed both 05-CR-863 and 04-CR-267. We are therefore reviewing assignments of error and arguments contained in Appellant's last brief.

**{¶34}** As stated above, Appellant previously appealed his sentencing entries in his 2004 cases but not the 2005 case. Appellant now argues that his plea in the 2005 case should be vacated and remanded for the same reasons as the 2004 cases.

**{¶35}** Upon review, we find Appellant's arguments to be unpersuasive.

**{¶36}** Appellant, in the 2005 case, failed to file a motion to withdraw his plea with the trial court and further failed to file a direct appeal challenging the voluntary nature of his plea based on the trial court's failure to inform him of a term of mandatory post-release control. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509.

**{¶37}** Further, the trial court never sentenced Appellant to a period of post-release control.

**{¶38}** Additionally, since the time this Court vacated and remanded the 2004 cases as not having been final appealable orders for failing to include the manner of conviction, the Ohio Supreme Court in *State v. Lester,* 130 Ohio St. 303, 2011–Ohio– 5204, clarified Baker, holding:

**{¶39}** "When the substantive provisions of [Criminal Rule 32(C) ] are contained in the judgment of conviction, namely, the fact of conviction, the sentence, the judge's signature, and the entry on the journal by the clerk, the trial court's omission of how the defendant's conviction was effected, i.e., the 'manner of conviction' does not prevent the judgment of conviction from being an order that is final and subject to appeal; language as to manner of conviction is required only as a matter of form, provided the entry includes all substantive provisions."

**{¶40}** We therefore find that the sentencing entry of October 2, 2008, was final and appealable at that time.

**{¶41}** Appellant's First Assignment of Error is overruled.

II.

**{¶42}** In the Second Assignment of Error, Appellant asserts that the trial court erred in not finding that his offenses were allied offenses of similar import. We disagree.

**{¶43}** More specifically, Appellant argues that the charges of theft of a motor vehicle, forgery and identity fraud in Case No. 04-CR-267 were allied offenses which should have been merged.

**{¶44}** Upon review, we find that Appellant failed to raise this issue on direct appeal of his original sentence and that such argument is barred by the doctrine of res judicata.

**{¶45}** Appellant's Second Assignment of Error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0905

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
CHRISTOPHER MONTEZ JONES                    :
                                           :
    Defendant-Appellant               :          Case No. 12 CA 5


       For the reason stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.

       Costs assessed to Appellant.


                       _____


                       _____


                       _____

                                  JUDGES