[Cite as *State v. Jones*, 2013-Ohio-3331.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13CA20 |
| CHRISTOPHER MONTEZ JONES | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Common
                             Pleas Court, Case Nos. 04CR0207,
                             04CR267, and 04CR0881

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 29, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant


JAMES J. MAYER, JR.                       CHRISTOPHER JONES, PRO SE
PROSECUTING ATTORNEY                      c/o Belmont Correctional Institution
RICHLAND COUNTY, OHIO                     #621-618
                                          P.O. Box 540
By: JILL M. COCHRAN                       St. Clairsville, Ohio 43950
Assistant Richland County Prosecutor
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Defendant-appellant Christopher Montez Jones appeals the January 30, 2013 Judgment Entry entered by the Richland County Court of Common Pleas denying his motion to recalculate prior prison credit. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} Appellant was convicted in three separate cases in the Richland County Court of Common Pleas after entering pleas of guilty to the charges therein. In Case No. 2004CR0207, Appellant entered a plea of guilty to one count of forgery, a fifth degree felony, in violation of R.C. Section 2913.31(A)(3). In Case No. 2004CR0267, Appellant entered a plea of guilty to one count of grand theft of a motor vehicle, a fourth degree felony, in violation of R.C. 2913.02(A)(1); one count of forgery, a fourth degree felony, in violation of R.C. 2913.31(A)(2); and one count of identity fraud, a third degree felony, in violation of R.C. 2913.49(B)(2). In Case No. 2004CR0881, Appellant entered a plea of guilty to one count of theft by deception, a fifth degree felony, in violation of R.C. 2913 .02(A)(3).

{¶3} Upon journalization of Appellant's sentences in the above cases, the trial court failed to properly memorialize the manner of conviction, that being Appellant's entering a plea of guilty to the charges.

{¶4} On May 21, 2010, Appellant moved the trial court to revise/correct his sentencing entries to comply with Criminal Rule 32(C) and *State v. Baker,* (2008), 119 Ohio St.3d 197, 893 N.E.2d 163, 2008–Ohio–3330 to include the manner of conviction.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶5}** On June 2, 2010, the trial court granted Appellant's motion, issuing amended sentencing entries to comply with Criminal Rule 32(C) and the Supreme Court's holding in *Baker,* supra*.*

**{¶6}** On June 17, 2010, Appellant filed a notice of appeal from the June 2, 2010 resentencing entries. Via Opinion and Judgment Entry of March 11, 2011, this Court found Appellant's pleas were not knowingly, intelligently and voluntarily entered, reversing and remanding the matter to the trial court. See, *State v. Montez*, Fifth Dist. No. 10CA75, 10CA76, 10CA77, 2010-Ohio-1202.

**{¶7}** On May 17, 2011, Appellant reentered pleas of guilty to the charges, and the trial court immediately proceeded in resentencing Appellant.

**{¶8}** On December 21, 2011, Appellant appeared before the trial court for a probation violation hearing, and the trial court sentenced Appellant to a total of six years in prison. The trial court stated Appellant would be credited with any jail time due. In a subsequent entry, the trial court credited Appellant with 152 days of jail time, but did not credit Appellant with any prior prison time.

**{¶9}** On January 28, 2012, Appellant moved the trial court for additional jail time credit. Via Judgment Entry of January 30, 2012, the trial court stated it did not grant credit for time spent in prison, and the time would be computed by the Department of Corrections.

**{¶10}** On February 12, 2012, Appellant filed a motion for reduction of sentence, which the trial court denied via Judgment Entry of July 11, 2012. Appellant filed an untimely appeal from that entry.

**{¶11}** On January 28, 2013, Appellant again moved the trial court to properly recalculate his prior prison credit. Via Judgment Entry entered on January 30, 2013, the trial court overruled Appellant's motion stating the court does not compute and grant credit for time spent in prison.

**{¶12}** It is from that judgment entry Appellant now appeals, assigning as error:

**{¶13}** "I. THE TRIAL COURT ERRORED [SIC] BY REFUSING TO PROPERLY CALCULATE APPELLANT'S PRIOR PRISON CREDIT. IGNORING THE OHIO SUPREME COURTS RULING IN RANKIN, AND VIOLATING APPELLANT'S FOURTEENTH AMENDMENT RIGHTS TO EQUAL PROTECTION OF THE LAW."

I.

**{¶14}** In the sole assignment of error, Appellant maintains the trial court erred in refusing to recalculate and credit his prior prison time.

**{¶15}** Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Cole* (1982), 2 Ohio St.3d 112. A defendant is barred from appealing issues which were raised or could have been raised on direct appeal. *State v. Fischer* (2012), 128 Ohio St.3d 92.

**{¶16}** On several occasions the trial court stated on the record the issue of prison time calculation would be determined by the Ohio Department of Corrections. Further, Appellant could have, but did not, properly appeal the trial court's previous

denial of his motions for prison time credit. Appellant had the opportunity to raise this issue on direct appeal, but failed to do so. The doctrine of res judicata bars Appellant from raising this issue anew. See also *State v. Miller,* 5th Dist. No. 2010–Ohio–2445, *State v. Foy,* 5th Dist. No.2009–CA–00239, 2010–CA–00074, 2011–Ohio–3039.

**{¶17}** Appellant's sole assignment of error is overruled.

**{¶18}** The January 30, 2013 Judgment Entry of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                         :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
CHRISTOPHER MONTEZ JONES                          :
                                                 :
    Defendant-Appellant                        :               Case No. 13CA20


    For the reason stated in our accompanying Opinion,   the January 30, 2013

Judgment Entry of the Richland County Court of Common Pleas is affirmed. Costs to

Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY