[Cite as *State v. Jones*, 2016-Ohio-2790.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CA 109 |
| CHRISTOPHER JONES | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2004 CR 0267 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 29, 2016 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| BAMBI COUCH PAGE | CHRISTOPHER JONES |
| PROSECUTING ATTORNEY | PRO SE |
| DANIEL M. ROGERS | RICHLAND CORR. INSTITUTION |
| ASSISTANT PROSECUTOR | Post Office Box 8107 |
| 38 South Park Street | 1001 Olivesburg Road |
| Mansfield, Ohio 44902 | Mansfield, Ohio 44905 |

*Wise, J.*

{¶1}    Appellant Christopher Montez Jones appeals from the decision of the Court of Common Pleas, Richland County, imposing prison time for appellant's violation of community control and setting forth his jail-time credit. This appeal stems from Richland County Court of Common Pleas case number 2004CR0267, although it is related to two additional cases from that court. The three cases are briefly summarized in chronological fashion as follows.

{¶2}    In Case No. 2004CR0207, appellant entered a plea of guilty to one count of forgery, a fifth degree felony (R.C. 2913.31(A)(3)). On October 1, 2008, appellant was sentenced to one year in prison.[1]

{¶3}    In Case No. 2004CR0267, appellant entered a plea of guilty to one count of grand theft of a motor vehicle, a fourth degree felony (R.C. 2913.02(A)(1)); one count of forgery, a fourth degree felony (R.C. 2913.31(A)(2)); and one count of identity fraud, a third degree felony (R.C. 2913.49(B)(2)). On October 1, 2008, appellant was sentenced to a total of eight years in prison.

{¶4}    In Case No. 2004CR0881, appellant entered a plea of guilty to one count of theft by deception, a fifth degree felony, in violation of R.C. 2913.02(A)(3).[2] The trial court sentenced appellant to one year in prison on this sole count.

---

[1]    The delay is attributable to appellant's failure to appear for hearings before the trial court on at least two occasions, resulting in the issuance of bench warrants.

[2]    We also note appellant was indicted in a fourth case on November 10, 2005, under Richland County Common Pleas case number 2005CR0863. In that instance, appellant was indicted on one count of theft, a fifth-degree felony (R.C. 2913.02(A)(2)). However, although briefly mentioned, this fourth case does not play a significant role in our present analysis.

**{¶5}** No direct appeals were taken by appellant regarding the above 2008 convictions and sentences.

**{¶6}** On March 10, 2009, appellant filed a "motion/petition to vacate or set aside judgment of conviction or sentence" under 2004CR0207, 2004CR0267 and 2004CR0881. The trial court overruled same on June 17, 2009. Appellant thereafter attempted a delayed appeal to this Court, but we dismissed said appeal on September 24, 2009, under case number 09CA101.

**{¶7}** On May 21, 2010, appellant moved the trial court to revise and/or correct his sentencing entries in all three of the aforesaid cases to comply with Crim.R. 32(C) and *State v. Baker* (2008), 119 Ohio St.3d 197, 893 N.E.2d 163, 2008–Ohio–3330, on the basis that in journalizing his sentences in the above cases, the trial court had failed to properly memorialize the manner of conviction, *i.e.*, that appellant had entered pleas of guilty to the respective charges.

**{¶8}** On June 2, 2010, the trial court granted appellant's motion, issuing amended sentencing entries to comply with Crim.R. 32(C) and the Ohio Supreme Court's holding in *Baker, supra*.

**{¶9}** On June 17, 2010, appellant filed a notice of appeal from the June 2, 2010 resentencing entries. On March 11, 2011, this Court found appellant's pleas were not knowingly, intelligently, and voluntarily entered, and we therefore reversed and remanded the matter to the trial court. *See State v. Jones,* 5th Dist. Richland Nos. 10CA75, 10CA76, 10CA77, 2011–Ohio–1202.

**{¶10}** Turning our focus now to case 2004CR0267 (the matter presently being appealed), we note on or about May 17, 2011, appellant again entered pleas of guilty to

the charges of grand theft of a motor vehicle, forgery, and identity theft, and he was thereafter sentenced to three years of community control.

**{¶11}** However, roughly seven months later, on December 21, 2011, appellant appeared before the trial court for a probation violation hearing in case 2004CR0267. As a result, the trial court sentenced appellant to a total of six years in prison (including prison time stemming from the other three cases referenced herein). The trial court further noted that "[j]ail credit, if any, will be granted by subsequent entry." *See* Judgment Entry, December 22, 2011, at 2.

**{¶12}** In a subsequent entry on December 29, 2011, the trial court credited appellant with 152 days of jail time in 2004-CR-267. No reference was made to crediting appellant with prior prison time.

**{¶13}** On January 17, 2012, appellant filed a notice of appeal as to the aforesaid judgment entry of December 22, 2011. That case was assigned appellate case number 12CA5. Appellant filed his brief in case number 12CA5 on March 23, 2012, raising one assignment of error involving the voluntariness of his plea.

**{¶14}** In the meantime, on February 21, 2012, the trial court issued an amended journal entry in case number 2004CR0267. Appellant then filed a second appeal and moved to amend his brief in case number 12CA5. The second appeal was assigned case number 12CA22. We initially consolidated the cases for merit review, but then ordered the cases separated.

**{¶15}** On October 5, 2012, in appellate case 12CA5, we affirmed the decision of the trial court. *See State v. Jones*, 5th Dist. Richland No. 12 CA 5, 2012-Ohio-4676. Furthermore, on October 22, 2012, in appellate case 12CA22, we concluded that

appellant's argument regarding allied offenses could have been raised on direct appeal from the trial court's sentencing entry, and his claim in that regard was thus barred by *res judicata*. *See State v. Jones*, 5th Dist. Richland No. 12CA22, 2012-Ohio-4957.

**{¶16}** In the meantime, on January 30, 2012, appellant moved the trial court for additional jail time credit. Via a judgment entry issued on February 2, 2012, the trial court stated it did not grant credit for time spent in *prison*, as that time computation is the responsibility of the Ohio Department of Corrections. However, the trial court did grant an additional four days of credit for appellant's time in the Mansfield City Jail during the month of June 2004. A review of the appellate docket indicates appellant attempted a delayed appeal in February 2013, which we dismissed on March 11, 2013, under case number 13CA16.

**{¶17}** In addition, on February 21, 2012, appellant had filed a motion for reduction of sentence, which the trial court denied via a judgment entry issued July 11, 2012. The trial court noted that the ODRC had recently sent appellant "a letter advising him he has received 895 days of jail-time credit with 760 being prison time credit ***." *Id.* at 1. Thus, the trial court concluded that appellant "has already received all credit he is entitled to ***." *Id.* Appellant filed an untimely appeal from that entry under case number 12CA70. We dismissed same on August 30, 2012.

**{¶18}** On January 28, 2013, appellant again moved the trial court to recalculate his prior prison credit. Via a judgment entry entered on January 30, 2013, the trial court overruled appellant's motion, again stating it does not compute and grant credit for a defendant's time spent in prison. Appellant appealed, assigning as error that the trial court had erred by refusing to properly calculate appellant's prior prison credit. On July

29, 2013, this Court overruled the assigned error based on *res judicata. See State v. Jones*, 5th Dist. Richland No. 13CA20, 2013-Ohio-3331.

**{¶19}** On October 5, 2015, the State filed a notice of hearing on an allegation of appellant's "probation violation," *i.e.*, the allegation that he had violated his community control conditions in case 2004-CR-267. He was arraigned the next day. He then appeared before the court with counsel for a hearing on November 4, 2015. Via a judgment entry filed on November 16, 2015, appellant was found guilty on all counts of the alleged probation violations, and he was sentenced to eighteen months in prison on counts one and two of the original charges, with the sentences to run concurrently. Furthermore, via a separate judgment entry issued on November 18, 2015, the trial court ordered that appellant be granted 232 days of jail-time credit toward his sentence.

**{¶20}** Appellant filed a notice of appeal under case 2004CR0267 on December 10, 2015.[3] He herein raises the following sole Assignment of Error:

**{¶21}** "I. THE TRIAL COURT ERRORED [SIC] BY NOT DETERMINING IF THE APPELLANT SHOULD BE CREDITED FOR PRE-SENTENCE INCARCERATION SERVED IN THE DEPARTMENT OF REHABILITATION AND CORRECTIONS. AS A RESULT, APPELLANT IS ENTITLED TO IMMEDIATE RELEASE."

---

[3]  In his brief, appellant appears to be challenging the jail-time credit decision of November 18, 2015, even though his notice of appeal and docketing statement both reference a non-existent entry of November 4, 2015. In the interest of justice, we will treat appellant's appeal as a challenge to the court's decision of November 18, 2015, although we also note appellant filed a new motion for jail-time credit in the trial court on January 4, 2016, despite the pendency of the within appeal.

I.

**{¶22}** In his sole Assignment of Error, appellant maintains the trial court erred in failing to calculate and credit his prior time for "pre-sentence incarceration" in the ODRC.

**{¶23}** Under the doctrine of *res judicata*, a defendant is generally barred from appealing issues which were raised or could have been raised on direct appeal. *See State v. Payton,* 5th Dist. Stark No. 2010CA00276, 2011-Ohio-4386, ¶ 23, citing *State v. Fischer* (2012), 128 Ohio St.3d 92. We have applied the doctrine of *res judicata* to a jail-time credit motion that alleges an erroneous legal determination on such credit. *See State v. Moyer,* Guernsey App.No. 07 CA 18, 2008-Ohio-2166, ¶ 14, citing *State v. Chafin,* Franklin App. No. 06AP-1108, 2007-Ohio-1840.

**{¶24}** We also recognize that R.C. 2929.19(B)(2)(g)(iii) presently provides in pertinent part as follows:

> The sentencing court retains continuing jurisdiction to correct any error *not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. ***.  (Emphasis added).

**{¶25}** In the case *sub judice*, on prior occasions over the past several years the trial court has ruled and/or noted on the record that the issue of prison time calculation

would be determined by the Ohio Department of Corrections. Appellant has either failed to timely appeal or has not successfully appealed the previous denials of his motions for "prison time" credit. In particular, we note appellant is concerned only with the time he served in the DRC "before he was found guilty and sentenced on 5-16-2011." Appellant's Brief at 3. But the judgment entry under appeal of November 18, 2015 is almost entirely a reiteration of the trial court's previous calculations of jail-time credit; it makes no changes other than to add eighty jail days for the period of 9-1-15 to 11-19-15, which is not in the time period herein targeted by appellant.[4] Under these procedural circumstances, we hold the doctrine of *res judicata* bars appellant from raising this same issue on appeal.

{¶26} Appellant's sole Assignment of Error is therefore overruled.

{¶27} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.
Farmer, P. J., and
Gwin, J., concur.

JWW/d 0419

---

[4] The only discrepancy we observe in this vein is the issue of the four days in 2004 in city jail, which does not appear to have been brought forward in the judgment entry under appeal.