[Cite as *State v. Montanez*, 2022-Ohio-3026.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 22CA10 |
| | : | |
| SAMMY MONTANEZ | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County Court
                                 of Common Pleas, Case No.
                                 2010CR0782


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          August 30, 2022


APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:

GARY BISHOP                                SAMMY MONTANEZ, PRO SE
RICHLAND CO. PROSECUTOR                     #492-270
JODIE SCHUMACHER                           Mansfield Correctional Institution
38 South Park St., 2nd Floor                1150 N. Main St.
Mansfield, OH 44902                        Mansfield, OH 44901

*Delaney, J.*

{¶1} Appellant Sammy Montanez appeals from the December 22, 2021 Order Overruling Defendant's Demand for Time Served of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

*The Richland County case*

{¶2} On November 5, 2010, appellant was charged by indictment with one count of possession of a deadly weapon while under detention pursuant to R.C. 2923.131(B), a felony of the first degree. Appellant entered a plea of not guilty and the matter was scheduled for jury trial, which was continued several times.

{¶3} On May 10, 2011, appellant changed his plea to one of guilty to an amended count of attempted possession of a deadly weapon while under detention, a felony of the second degree. The trial court found appellant guilty and imposed a jointly-recommended prison term of 2 years, which was to be served concurrently "to current term." Sentencing Entry, May 11, 2011.

{¶4} On November 19, 2021, appellant filed "Defendant's Demand for Credit for Time Served." Appellant asserted that he was serving time in Cuyahoga Common Pleas Court case number CR-04-454-739; "[h]owever, on July 3, 2014, the Eighth District Court of Appeals found that [appellant's] sentence in Cuyahoga County was invalid and vacated the sentence in its entirety." Motion, 2. Therefore, appellant argued, when the Richland County Court of Common Pleas sentenced appellant on May 11, 2011, "it was the only valid conviction he was serving and should have begun to run from the day of its imposition." Motion, 2.

{¶5} The trial court overruled appellant's motion by judgment entry dated December 22, 2021.

{¶6} Appellant now appeals from the trial court's judgment entry of December 22, 2021.

{¶7} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS PROTECTED UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION BY NOT CREDITING HIM TIME SERVED ON CASE NUMBER 2010-CR-782D WHEN IT WAS RUN CONSECUTIVE TO A CONVICTION THAT WAS SUBSEQUENTLY VACATED AND NOT REIMPOSED."

**ANALYSIS**

{¶9} Appellant argues that because the original sentence in his Cuyahoga County case was vacated, he has already "served" his term in the Richland County case and should be given credit for two years already served. We disagree.

{¶10} In the instant case, appellant was sentenced to a 2-year prison term and a mandatory 3-year term of postrelease control; this sentence was ordered to be served consecutively to his Cuyahoga County sentence.

{¶11} On October 30, 2014, appellant was resentenced in the Cuyahoga County case to an indefinite prison term of 15 years to life, plus a 3-year firearm specification to run prior to and consecutive with the underlying sentence, for a total indefinite sentence of 18 years to life. Upon resentencing in Cuyahoga County, appellant received jail time

credit in the amount of 3768 days.  Appellant's conviction was not vacated or otherwise affected; he was resentenced.

{¶12} Appellant argues he is entitled to jail-time credit essentially eliminating his Richland County sentence because the Cuyahoga County sentence was a "nullity." We note, however, that appellant remains incarcerated upon the underlying Cuyahoga County conviction of murder and abuse of a corpse.  He was resentenced in 2014 on the Cuyahoga County case.

{¶13} First, appellant offers no explanation why he filed his motion in 2021 if the Cuyahoga County resentencing occurred in 2014. Appellant has not raised the issue of jail-time credit and this issue is subject to res judicata. We have applied the doctrine of *res judicata* to a jail-time credit motion that alleges an erroneous legal determination on such credit. *See State v. Moyer,* 5th Dist. Guernsey No. 07 CA 18, 2008–Ohio–2166, ¶ 14, citing *State v. Chafin,* 10th Dist. Franklin No. 06AP–1108, 2007–Ohio–1840; *State v. Jones*, 5th Dist. Richland No. 15CA109, 2016-Ohio-2790, ¶ 23.

{¶14} Moreover, we agree with the trial court's finding that appellant's time does not begin to run in the instant case until the Cuyahoga County sentence is completed.

{¶15} R.C. 2967.191(A) states in pertinent part, "The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason **arising out of the offense for which the prisoner was convicted and sentenced** * * *. Appellant has been continuously incarcerated on the Cuyahoga County case, including during the entire pendency of the instant case. The incarceration did not "arise out of" the Richland County offense and appellant is not entitled to credit for same.

{¶16} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶17} Appellant's assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.